# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF OHIO, ET AL.<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRON-<br>MENTAL PROTECTION<br>AGENCY, ET AL.,<br><br>Respondents. | Case No. 23-1183<br><br>Consolidated with 23-1157; 23-1181;<br>23-1190; 23-1191; 23-1193 |

## STATEMENT OF ISSUES TO BE RAISED

Pursuant to the Court's order on July 17, 2023, Petitioners in Case No. 23-1183 (Ohio, et al.), submit this non-binding, preliminary statement of issues to be raised regarding Respondents' final action entitled *Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards*, 88 Fed. Reg. 36654 (June 5, 2023).

1. Whether the EPA usurped the States' sovereign authority to regulate within its own borders under the Clean Air Act's cooperative-federalism structure by denying the States reasonable opportunities to develop and implement their state implementation plans ("SIPs") as required by the Act, *see* 42 U.S.C. §§7410(a)(1), (c)(1)(B), (k)(5), and coercing them into adopting the EPA's preferred federal implementation plan ("FIP") .

2. Because the FIP was aimed at allocating responsibility among upwind States for their contributions to pollution in downwind States, whether the FIP is now arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the EPA has exempted six States—that are critical to accomplishing the FIP's coordinated emissions-reductions goal—from regulation under the FIP.

3. Whether the FIP is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because it singles out some industrial sources for regulation that emit above the 100-tons-per-year threshold while excluding other, similarly situated industrial sources emitting at or above that threshold. Relatedly, this case presents the question whether the EPA's selection of the 100-tons-per-year threshold was arbitrary and capricious.

4. Whether the FIP is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because it implicitly forces some upwind States to subsidize emissions reductions for other upwind States by imposing draconian reductions on petitioner States while going easier on other States that contribute to downwind pollution at the same, or higher, levels.

Dated: July 28, 2023

DAVE YOST
Ohio Attorney General

*/s/ Mathura J. Sridharan*
BENJAMIN M. FLOWERS
Solicitor General
MATHURA J. SRIDHARAN*
Deputy Solicitor General
 *Counsel of record*
GREGG BACHMANN
Section Counsel – Environmental
30 East Broad Street, 17th Floor
Phone: 6l4-466-8980
Fax: 614-466-5087
mathura.sridharan@ohioago.gov

*Counsel for the State of Ohio*

THEODORE E. ROKITA
Attorney General of Indiana

*/s/ James A. Barta* (MJS per authority)
THOMAS M. FISHER
Solicitor General
JAMES A. BARTA
Deputy Solicitor General
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, IN 46204
(317) 232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*

PATRICK MORRISEY
Attorney General of West Virginia

*/s/ Lindsay S. See* (MJS per authority)
LINDSAY S. SEE
Solicitor General
MICHAEL WILLIAMS
Principal Deputy Solicitor General
Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(682) 313-4550
Lindsay.S.See@wvago.gov

*Counsel for State of West Virginia*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

                                           */s/ Mathura J. Sridharan*
                                           Mathura J. Sridharan
                                           Ohio Deputy Solicitor General