**ORAL ARGUMENT NOT YET SCHEDULED**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Forest & Paper Association, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. 23-1190** |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | Consolidated with |
| PROTECTION AGENCY, and MICHAEL ) | 23-1157, 23-1181, 23-1183, |
| S. REGAN, Administrator, United States ) | 23-1191, 23-1193, 23-1195, |
| Environmental Protection Agency, ) | 23-1199, 23-1200, 23-1201, |
| ) | 23-1202, 23-1203, 23-1205, |
| Respondents. ) | 23-1206, 23-1207, 23-1208, |
| ) | 23-1209, 23-1211 |

### NONBINDING STATEMENT OF ISSUES OF
### PETITIONER AMERICAN FOREST & PAPER ASSOCIATION

Pursuant to this Court's order dated July 21, 2023, see ECF #2009023, Petitioner American Forest & Paper Association ("AF&PA") submits this preliminary and nonbinding statement of issues in this proceeding to review the final action of the United States Environmental Protection Agency ("EPA") published in the Federal Register at 88 Fed. Reg. 36,654 entitled Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards" (the "Rule"):

1. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise is not in accordance with law because it is based on disapprovals of numerous

state implementation plans that have been challenged and stayed in numerous federal appellate courts.

2. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because its implementation would result in cost impacts, threats that will disrupt the pulp and paper industry, the electric power system and the economy that are beyond the authority of EPA as defined by the Clean Air Act and set forth in *West Virginia v. EPA*.

3. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA relied upon an incomplete, unverified, and uncertain data set to inform its decision to regulate NOx emissions from the pulp and paper industry for which it did not provide a meaningful opportunity to comment.

4. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA changed the criteria for determining if a sector is a significant contributor including its Tier I and Tier II classifications for industrial sources without providing notice and an opportunity for comment.

5. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA changed the criteria it proposed for including a sector in the rule, including its $7500/ton cost-effectiveness

threshold for mandated NOx controls, without providing notice and an opportunity for comment.

6. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA has failed to identify the criteria for including source categories, like the pulp and paper mill fossil fuel boiler, in the final rule when it abandoned its significance and cost-effectiveness thresholds thereby creating a standardless standard.

7. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because it results in unlawful overcontrol of facilities operated by the pulp and paper industry which are not significant contributors to downwind nonattainment areas. Analysis shows that the inclusion of paper mill boilers in the final rule would not result in a single non-attainment area coming into attainment.

8. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because contrary to the Good Neighbor Provisions of the Clean Air Act, EPA failed to identify the "Amount" of air quality improvement resulting from the emission control requirement on the pulp and paper industry imposed by the Rule.

9. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the schedule allowed in the Rule for compliance by May 2026 will require extraordinary expenditures on testing,

engineering, design, procurement and related boiler modification to attempt to timely and effectively achieve emission reduction controls for the pulp and paper industry.

10. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the EPA assessment of control costs on the pulp and paper industry fails to accurately account for the fact that EPA's selected technology historically has never been required on existing boilers due to lack of cost effectiveness for NOx reduction.

11. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because of the failure to consider emission reduction opportunities from mobile source emissions as contributors to the assessment of ozone air quality required by the Good Neighbor Provisions of the Clean Air Act.

12. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA failed to consider the timing and extent of controls on local sources of NOx emissions, such as simple cycle combustion turbines, around New York City that impact downwind Connecticut non-attainment areas.

AF&PA reserves the right to raise any additional issues in briefs to be filed in these consolidated cases.

Respectfully submitted.

*/s/ Kathy G. Beckett*
_____
Kathy G. Beckett

Kathy G. Beckett
David M. Flannery
Keeleigh S. Utt
Steptoe & Johnson, PLLC
707 Virginia Street, East
Post Office Box 1588
Charleston, WV 25326
(304) 353-8000
Kathy.beckett@steptoe-johnson.com
Dave.Flannery@steptoe-johnson.com

Edward L. Kropp
Steptoe & Johnson PLLC
PO Box 36425
Indianapolis, Indiana 46236
317-946-9882

Skipp.kropp@steptoe-johnson.com

*Counsel for Petitioner American Paper & Forest Paper Association*

Dated: August 21, 2023

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. App. P. 15(c), Circuit Rule 15(a), Fed. R. App. P. 25, and 40 CFR 23.12(a), on this date, I hereby certify that a copy of the foregoing Nonbinding Statement of Issues of Petitioner American Forest & Paper Association was filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

*/s/ Kathy G. Beckett*
Kathy G. Beckett

Dated: August 21, 2023