ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Midwest Ozone Group,<br><br>　　Petitioner,<br><br>　　v.<br><br>U. S. ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency,<br><br>　　Respondents. | )<br>)<br>)<br>)<br>)  Case No. 23-1191<br>)<br>)<br>)  Consolidated with<br>)  23-1157, 23-1181, 23-1183,<br>)  23-1190, 23-1193, 23-1195,<br>)  23-1199, 23-1200, 23-1201,<br>)  23-1202, 23-1203, 23-1205,<br>)  23-1206, 23-1207, 23-1208,<br>)  23-1209, 23-1211 |

**NONBINDING STATEMENT OF ISSUES OF
PETITIONER MIDWEST OZONE GROUP**

Pursuant to this Court's order dated July 21, 2023, Petitioner Midwest Ozone Group submits this preliminary and nonbinding statement of issues in this proceeding to review the final action of the United States Environmental Protection Agency ("EPA") entitled *Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards,* 88 Fed. Reg. 36,654 (June 5, 2023) (EPA Docket No. EPA-HQ-OAR-2012-0668) (the "Rule"):

1. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because it is based on disapprovals of numerous state implementation plans that have been challenged and stayed in numerous federal appellate courts.

2. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because its implementation would result in cost impacts, threats to the electric power system, and impacts on the economy that are beyond the authority of EPA as defined by the Clean Air Act and set forth in *West Virginia v. EPA*.

3. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA's selection of 2023 as the analytical year for the Rule, in combination with its failure to acknowledge delays in downwind SIP controls, creates an inconsistency in the obligation of upwind and downwind states that exceeds EPA's legal authority under the Good Neighbor Provisions of the Clean Air Act.

4. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the Rule imposes requirements on sources that result in prohibited overcontrol caused by, among other things, the failure to account for the useful life of the sources involved in assessing emission control costs, by failing to identify emission controls that are cost effective, and by failing to impose emission controls on schedule that is achievable.

5. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA failed to properly

address units with a common stack in establishing emission control and monitoring requirements for those units.

6. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA failed to identify the "amount" of air quality improvement resulting from implementation of the emission control requirement imposed by the Rule as required by the Good Neighbor Provisions of the Clean Air Act and failed to explain departure from its past practice.

7. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because of the failure to consider mobile source emissions and emissions of volatile organic compounds (VOC) as contributors to the assessment of ozone air quality required by the Good Neighbor Provisions of the Clean Air Act.

8. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA's air quality modeling failed to rely on correct emission inventories and failed to account for unique meteorological conditions caused by land-water interface resulting in an erroneous assessment of nonattainment areas and significant contribution as required by the Good Neighbor Provisions of the Clean Air Act.

Petitioner Midwest Ozone Group reserves the right to raise any additional issues in briefs to be filed in these consolidated cases.

> Respectfully submitted.
>
> /s/ David M. Flannery
> David M. Flannery
>
> David M. Flannery
> Kathy G. Beckett
> Keeleigh S. Utt
> Steptoe & Johnson, PLLC
> 707 Virginia Street, East
> Post Office Box 1588
> Charleston, WV 25326
> (304) 353-8000
> Dave.Flannery@steptoe-johnson.com
> Kathy.beckett@steptoe-johnson.com
>
> Edward L. Kropp
> Steptoe & Johnson PLLC
> PO Box 36425
> Indianapolis, Indiana 46236
> 317-946-9882
>
> Skipp.kropp@steptoe-johnson.com
>
> *Counsel for Petitioner Midwest Ozone Group*

Dated: August 21, 2023

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 15(c), Circuit Rule 15(a), Fed. R. App. P. 25, and 40 CFR 23.12(a), on this date, I hereby certify that a copy of the foregoing Nonbinding Statement of Issues of Petitioner Midwest Ozone Group was filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

*David M. Flannery*
David M. Flannery

Dated: August 21, 2023