**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| American Iron and Steel Institute, | ) |
| | ) |
| Petitioner, | ) |
| | ) **Case No. 23-1200** |
| v. | ) |
| | ) Consolidated with |
| U. S. ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency, | ) 23-1157, 23-1181, 23-1183, ) 23-1190, 23-1193, 23-1195, ) 23-1199, 23-1200, 23-1201, ) 23-1202, 23-1203, 23-1205, ) 23-1206, 23-1207, 23-1208, |
| Respondents. | ) 23-1209, 23-1211 |

**NONBINDING STATEMENT OF ISSUES OF
PETITIONER AMERICAN IRON AND STEEL INSTITUTE**

Pursuant to this Court's order dated August 4, 2023, Petitioner American Iron and Steel Institute submits this preliminary and nonbinding statement of issues in this proceeding to review the final action of the United States Environmental Protection Agency ("EPA") entitled *Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards,* 88 Fed. Reg. 36,654 (June 5, 2023) (EPA Docket No. EPA-HQ-OAR-2012-0668) (the "Rule"):

1. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA does not consider or analyze the significant effects of the requirements on the affordability and reliability of the electric market which will significantly impact the steel industry that are beyond the

1

authority of EPA as defined by the Clean Air Act and set forth in West Virginia v. EPA.

2. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA has not demonstrated that emissions from all Iron and Steel Mill reheat furnaces and boilers impact non-attaining downwind receptors, has not demonstrated that controls on such sources will beneficially impact any downwind receptor, and failed to acknowledge its approved delays in downwind SIP controls.

3. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA failed to establish that the controls are cost-effective and will result in meaningful air quality improvement, did not follow its own cost effectiveness analysis protocol which would have exempted waste heat boilers/heat recovery steam generators from the rule, and failed to account for the useful life of the sources involved in assessing emission control costs.

4. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA requires compliance for all Iron and Steel Mill reheat furnaces and boilers on a 30-day rolling average basis, making the standard more stringent than compliance across the entire ozone season.

5. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the final rule dramatically changed the

control approach for Iron and Steel Mill reheat furnaces from the proposed rule with no notice or opportunity for comment on the revisions.

6. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA did not properly consider cost effectiveness for Iron and Steel Mill reheat furnaces.

7. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA is requiring NOx Continuous Emission Monitors on boilers and iron and steel mill reheat furnaces without considering whether or demonstrating that use of such monitors on these sources has any effect on downwind nonattainment or maintenance monitors.

8. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the Rule fails to allow sufficient time for iron and steel mill reheat furnaces to obtain a synthetic minor permit limit in order to avoid applicability.

9. Whether the Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because EPA does not provide a "limited use" exemption for Iron and Steel Mill reheat furnaces as it did for boilers. Petitioner American Iron and Steel Institute reserves the right to raise any additional issues in briefs to be filed in these consolidated cases.

American Iron and Steel Institute reserves the right to raise any additional issues in briefs to be filed in these consolidated cases.

                        Respectfully submitted.

*/s/ David M. Flannery*
David M. Flannery

David M. Flannery
Kathy G. Beckett
Keeleigh S. Utt
Steptoe & Johnson, PLLC
707 Virginia Street, East
Post Office Box 1588
Charleston, WV 25326
(304) 353-8000
Dave.Flannery@steptoe-johnson.com
Kathy.beckett@steptoe-johnson.com

Edward L. Kropp
Steptoe & Johnson PLLC
PO Box 36425
Indianapolis, Indiana 46236
317-946-9882

Skipp.kropp@steptoe-johnson.com

*Counsel for Petitioner American Iron and Steel Institute*

Dated: September 5, 2023

4

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. App. P. 15(c), Circuit Rule 15(a), Fed. R. App. P. 25, and 40 CFR 23.12(a), on this date, I hereby certify that a copy of the foregoing Nonbinding Statement of Issues of Petitioner Midwest Ozone Group was filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

David M. Flannery

Dated: September 5, 2023