**ORAL ARGUMENT NOT YET SCHEDULED**

Case No. 23-1202

(Consolidated with Nos. 23-1157 (lead) 23-1181, 23-1183, 23-1190, 23-1191, 23-1193, 23-1195, 23-1199, 23-1200, 23-1201, 23-1203, 23-1205, 23-1206, 23-1207, 23-1208, 23-1209, and 23-1211)

IN THE

# United States Court of Appeals for the District of Columbia Circuit

ENBRIDGE (U.S.) INC.,

Petitioner,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, U.S. EPA,

Respondents,

On Petition for Review of the Final Rule of the
U.S. Environmental Protection Agency

**PETITIONER'S NON-BINDING STATEMENT OF ISSUES**

Laura K. McAfee
BEVERIDGE & DIAMOND, PC
201 North Charles Street, Suite 2200
Baltimore, MD 21201
410-230-1300
lkmcafee@bdlaw.com

*Counsel for Enbridge (U.S.) Inc.*

PETITIONER'S NON-BINDING STATEMENT OF ISSUES

Petitioner submits the following nonbinding statement of issues to be raised:

1. Whether EPA violated the Major Questions Doctrine by regulating ten new categories of equipment, including certain engines in the natural gas pipeline transportation sector, under the Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 36654 (June 5, 2023) ("Rule").

2. Whether EPA violated the Clean Air Act by requiring extensive and expensive emission control technologies for certain engines in the natural gas pipeline transportation sector under the Rule without first identifying the "amounts" of pollutants to be eliminated, thereby overstepping its statutory authority.

3. Whether EPA's unexplained departure from its past practice in failing to identify the "amounts" of pollutants to be eliminated prior to imposing stringent emissions limits on certain engines in the natural gas pipeline transportation sector renders the Rule arbitrary, capricious, an abuse of discretion, or contrary to law.

4. Whether EPA's regulation of pipeline engines exceeded EPA's statutory authority and/or was arbitrary, capricious, an abuse of discretion, or contrary to law because there is no reasonable nexus between the horsepower levels

       EPA used in its analysis and the 100 tpy emissions threshold used in the Rule.

5. Whether the Rule is arbitrary, capricious, an abuse of discretion, or contrary to law as a result of EPA's failure to (1) adequately consider reliability impacts that will result from the requirements and three-year compliance deadline in the Rule, (2) sufficiently respond to comments raising these concerns, and/or (3) provide adequate support for its claim that the timeline is feasible and will not cause reliability impacts.

6. Whether EPA's decision to evaluate the cost-effectiveness of the Rule by focusing on annual reductions, even though the Rule itself applies only during the Ozone Season, was arbitrary, capricious, an abuse of discretion, or contrary to law.

7. Whether the Rule is arbitrary, capricious, an abuse of discretion, or contrary to law as a result of EPA's (1) decision to implement an average program that was limited to site-wide averages, even though it used for comparison averaging programs that operated on a State-wide basis, (2) failure to appropriately respond to comments requesting a State-wide averaging program, and (3) failure to provide adequate support in the record for its claim that a site-specific averaging program would allow 2/3 of all regulated

2

pipeline engines to escape costly control requirements, which was a key factor in EPA's cost-benefit analysis.

8. Whether EPA's imposition of an infeasible 2026 compliance deadline was arbitrary, capricious, an abuse of discretion, or contrary to law.

Respectfully submitted,          /s/ Laura K. McAfee
                                 Laura K. McAfee (D.C. Cir. Bar No. 62386)
                                 BEVERIDGE & DIAMOND, PC
                                 201 North Charles Street, Suite 2200
                                 Baltimore, MD 21201
                                 410-230-1300
                                 lkmcafee@bdlaw.com

                                 *Counsel for Enbridge (U.S.) Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 5th day of September, 2023, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Laura K. McAfee
Laura K. McAfee

5