<u>ORAL ARGUMENT NOT YET SCHEDULED</u>

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| HYBAR LLC<br><br>              Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY AND MICHAEL S. REGAN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>              Respondents. | Case No. 23-1206<br>(and consolidated cases) |

## PETITIONER HYBAR LLC'S
## NONBINDING STATEMENT OF ISSUES TO BE RAISED

Pursuant to the Court's Order of August 7, 2023 Petitioner Hybar LLC submits this nonbinding statement of issues:

1) Whether EPA's promulgation of a federal implementation plan covering Arkansas was unlawful due to failure to first lawfully disapprove Arkansas relevant state implementation plan, where EPA's disapproval was arbitrary and capricious, contrary to law, or an abuse of discussion, and was judicially stayed at the time EPA promulgated its federal implementation plan.

2) Whether EPA's imposition of unit-specific emission limits is contrary to the text of 42 U.S. Code § 7410(a)(2)(D)(i), and otherwise arbitrary

and capricious, contrary to law, or an abuse of discretion, where EPA failed to even attempt to show that any of the specific facilities subject to these emission unit-level restrictions are linked to any exceedance of the 2015 Ozone National Ambient Air Quality Standard (NAAQS) in any downwind state, let alone a significant contributor.

3) Whether EPA's inclusion of the Arkansas steel and iron manufacturing industry was arbitrary and capricious, contrary to law, or an abuse of discussion, because EPA failed to demonstrate that industry to be a significant contributor to any exceedance of the Ozone NAAQS in any state downwind of Arkansas.

4) Whether EPA's federal implementation plan is arbitrary and capricious, contrary to law, or an abuse of discretion, because it would force more emission reduction emissions than necessary to achieve attainment with the 2015 Ozone NAAQS in each downwind state, in violation of the Supreme Court's decision in *EPA v. EME Homer City Generation, LP*, 134 S. Ct. 1584 (2014).

5) Whether EPA's federal implementation plan violates the major questions doctrine by seeking to expand the good neighbor provision of section 110 of the Clean Air Act to regulate a significant portion of the U.S. economy and impose significant economic costs, without clear statutory authorization to impose more stringent restrictions on upwind sources than the restrictions applicable to sources actually in, and primarily contributing to, areas in nonattainment with the 2015

Ozone NAAQS, or clear statutory authorization to impose unit-specific command-and control-limits without first linking each regulated unit to any nonattainment issue in any downwind state.

6) Whether EPA's federal implementation plan was arbitrary and capricious, contrary to law, or an abuse of discussion, due to EPA's fundamentally flawed contribution modeling and failure to reasonably consider cost, feasibility, and other relevant factors.

          Respectfully submitted,

          */s/ Mark W. DeLaquil*
          Mark W. DeLaquil
          BAKER & HOSTETLER LLP
          Suite 1100
          1050 Connecticut Avenue, NW
          Washington, D.C. 20036

          Martin T. Booher
          Joshua T. Wilson
          BAKER & HOSTETLER LLP
          2000 Key Tower
          127 Public Square
          Cleveland, Ohio 44114

September 6, 2023

          *Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I certify this Statement of Issues to be Raised has been served through this Court's CM/ECF system on all ECF registered counsel.

                                                */s/ Mark W. DeLaquil*
                                                Mark W. DeLaquil

September 6, 2023