<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, ) <br> AMERICAN FUEL & ) <br> PETROCHEMICAL MANUFACTURERS ) <br> *Petitioners*, ) <br> ) <br> v. ) <br> ) <br> ) <br> U.S. ENVIRONMENTAL PROTECTION ) <br> AGENCY ) <br> <u>*Respondent*.                              </u>) | Case No. 23-1203 <br> Consolidated with: <br><br> 23-1157, 23-1181, 23-1183, <br> 23-1190, 23-1191, 23-1193, <br> 23-1195, 23-1199, 23-1200, <br> 23-1201, 23-1202, 23-1205, <br> 23-1206, 23-1207, 23-1208, <br> 23-1209, 23-1211 |

<u>NONBINDING STATEMENT OF ISSUES OF PETITIONERS AMERICAN CHEMISTRY COUNCIL AND AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS</u>

Pursuant to this Court's order dated August 7, 2023, Petitioners American Chemistry Council and American Fuel & Petrochemical Manufacturers submit this preliminary and nonbinding statement of issues in this proceeding to review the final action of the United States Environmental Protection Agency ("EPA") entitled Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 36,654 (June 5, 2023) (EPA Docket No. EPA-HQ-OAR-2021-0668):

(1) whether EPA's decision to regulate non-EGUs, including pipeline engines, was contrary to law and arbitrary and capricious;

(2) whether EPA's process for selecting non-EGU's was arbitrary and capricious;

(3) whether EPA's failures to respond to requests for clarification were arbitrary and capricious;

(4) whether EPA's regulation of pipeline engines, despite not exceeding EPA's significant contribution threshold for NOx, was contrary to law and arbitrary and capricious;

(5) whether EPA's assessment of cost-effectiveness was contrary to law and arbitrary and capricious;

(6) whether EPA's failure to address comments requesting company-wide, statewide emissions averaging was arbitrary and capricious;

(7) whether EPA's failure to address comments concerning impacts on natural gas service reliability was arbitrary and capricious; and

(8) whether EPA's choice of compliance deadline was arbitrary and capricious.

American Chemistry Council and American Fuel & Petrochemical Manufacturers reserve the right to raise any additional issues in briefs to be filed in these consolidated cases.

Respectfully submitted,

/s/ Elliott Zenick
Elliott Zenick
American Chemistry Council
700 2nd St., NE
Washington, DC 20002
(202)249-6744
elliott_zenick@americanchemistry.com
*Counsel for Petitioner*
*American Chemistry Council*

/s/ Richard S. Moskowitz
Richard S. Moskowitz
Tyler Kubik

<div style="margin-left:50%">

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS
1800 M Street, NW
Suite 900 North
Washington, DC 20036
(202) 844-5474
rmoskowitz@afpm.org
*Counsel for Petitioner*
*American Fuel & Petrochemical Manufacturers*

</div>

Dated:   September 6, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on 6th of September 2023, the foregoing was filed electronically using the CM/ECF System. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's CM/ECF System.

Dated:   September 6, 2023                                             /s/ Elliott Zenick