<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| UNITED STATES STEEL CORPORATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, U.S. EPA,<br><br>*Respondents*. | Case No. 23-1207<br><br>Consolidated with Nos. 23-1157 (lead), 23-1181, 23-1183, 23-1190, 23-1191, 23-1193, 23-1195, 23-1199, 23-1200, 23-1201, 23-1202, 23-1203, 23-1205, 23-1206, 23-1208, 23-1209, and 23-1211 |

<u>**PETITIONER UNITED STATES STEEL CORPORATION'S NONBINDING STATEMENT OF ISSUES**</u>

Pursuant to this Court's August 7, 2023 Order, ECF 2011214, Petitioner United States Steel Corporation ("U. S. Steel") submits this nonbinding statement of issues in the consolidated cases challenging the final action of the United States Environmental Protection Agency ("EPA") entitled: *Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards*, 88 Fed. Reg. 36,654 (June 5, 2023) ("FIP" or "Rule"). Without waiving any right to raise additional issues, Petitioner states that it intends to raise the following issues:

1.  Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it promulgated its FIP based on the assumption that 23

       States would be required participate when it lacked authority to promulgate the FIP for at least 12 of those States.

2. Whether the Rule, as it now applies to only 11 states as opposed to 23, is arbitrary and capricious and contrary to law and as applied yields a Rule with absurd results.

3. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, and without observance of procedure required by law, when it withheld modeling data and files that are central and critical as to the scope and impact of the Rule upon regulated entities from the public until it was too late for meaningful public input.

4. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, and without observance of procedure required by law, when it made major changes to the FIP after public comment, including a new set of regulations for reheat furnaces and different applicability requirements for boilers at iron and steel mills, after the close of public comment and without reopening public comment to address issues that were neither notice in nor logical outgrowths from, the proposed rule.

5. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, when it promulgated the FIP for States

for which EPA has not yet validly disapproved a State Implementation Plan ("SIP") or found that the State failed to submit a complete plan, when the Clean Air Act expressly states that EPA must first disapprove a SIP or find it incomplete before EPA can promulgate a FIP.

6. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, when it rushed to promulgate the FIP in parallel with its disapproval of 19 SIPs, blocking off any meaningful opportunity for States to serve the primary regulatory rule intended by Congress as embodies in the cooperative federalism embedded in the structure of the Clean Air Act.

7. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, when it imposed regulations on the iron and steel industry based on an incomplete, unverified, and uncertain screening assessment that EPA's own findings show inaccurately portrayed emissions from the iron and stee industry and did not redo its screening even after acknowledging its inaccuracy.

8. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, or in excess of statutory jurisdiction, authority, or

limitations, or short of statutory right, when it imposed regulations on the iron and steel industry that far exceed its own reasonable cost threshold.

9. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, or contrary to constitutional right, power, privilege, or immunity, when it promulgated a work plan process for reheat furnaces that circumvents the notice-and-comment rulemaking process required by the Clean Air Act, is so vague as to be void and unenforceable, gives the Administrator authority to prohibit sources from operating without express limitations on the arbitrary exercise of this power, without meaningful procedural protections required by the Clean Air Act and Due Process, and without the creation of an appropriate record for judicial review.

10. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, when it imposed emission reductions requirements on reheat furnaces and boilers at iron and steel mills that are not supported by the record and, for reheat furnaces, design requirements that are at least twice what EPA itself claims is supported by the record.

11. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, when it added necessary provisions to the Rule for deadline extensions, case-by-case emission limitations, and limitations on applicability for emission units subject to the Rule as of August 4, 2023, but without explanation or reason, did not provide similar provisions for units subject to the Rule after that date.

12. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it recognized in the Rule that imposition of additional emission requirements on co-fired emission units was not economically or technologically supported by the record, and excluded some emission units from the Rule on that basis, but failed to exclude others without explanation or justification.

13. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law when it imposed compliance schedules for boilers in the iron and steel industry that are at least a year shorter than needed to comply.

14. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, when it implemented a Rule that threatens to disrupt domestic iron and steel production, the electric power

system, and the economy beyond the authority of EPA as defined by the Clean Air Act and set forth in *West Virginia v. EPA*.

Dated: September 6, 2023

/s/*John D. Lazzaretti*
John D. Lazzaretti
Squire Patton Boggs (US) LLP
1000 Key Tower, 127 Public Square
Cleveland, Ohio 44114-1304
Telephone: (216) 479-8350
Facsimile: (216) 479-8780
john.lazzaretti@squirepb.com

*Counsel for United States Steel Corporation*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25 and Circuit Rule 25(f), I hereby certify that on September 6, 2023, I electronically filed the foregoing Petitioner United States Steel Corporation's Nonbinding Statement of Issues with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/*John D. Lazzaretti*
John D. Lazzaretti