IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF NEVADA,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency,<br><br>    Respondents. | No. 23-1209 |

**STATE OF NEVADA'S
NON-BINDING STATEMENT OF ISSUES TO BE RAISED**

Pursuant to this Court's order of August 7, 2023, the State of Nevada submits this non-binding statement of issues to be raised in this review of the EPA's final rule entitled "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality," published in the Federal Register at 88 Fed. Reg. 36,654 (June 5, 2023) (EPA Docket No. EPA-HQ-OAR-2021-0668) ("Final Rule").

In this action, Nevada challenges the portion of EPA's Final Rule that imposes a Federal Implementation Plan ("FIP") for Nevada as arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.  Accordingly, the issues to be raised in this appeal may include, but are not limited to:

1. Whether EPA's decision to impose a FIP on Nevada was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law where EPA decided to impose a FIP after relying on a policy-based four-step framework to assess interstate transport in the West—a decision that (a) EPA failed to adequately explain, and (b) cannot be reconciled with EPA's longstanding position that the four-step framework for determining significant contribution in the East does not properly account for conditions in the West.

2. Whether EPA arbitrarily treated Nevada differently than other Western states when assessing interstate contribution.

3. Whether EPA otherwise acted arbitrarily and capriciously or abused its discretion in deciding to impose a FIP for Nevada.

4. Whether EPA's imposition of a FIP intrudes on state sovereignty and is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

5. Whether EPA's imposition of a FIP is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because of EPA's failure to demonstrate the FIP will contribute to meaningful reductions of ozone concentration in neighboring states.

6. Whether EPA's imposition of a FIP is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law because EPA failed to

consider emission reduction opportunities from other source emissions, including mobile source emissions, as contributors to the assessment of ozone air quality required by the Good Neighbor Provisions of the Clean Air Act.

DATED this 15th day of November, 2023.

>AARON D. FORD
>Attorney General
>
>By:   */s/ Heidi Parry Stern*
>      HEIDI PARRY STERN
>      Solicitor General
>      Nevada Bar No. 8873
>      State of Nevada
>      Office of the Nevada Attorney General
>      555 E. Washington Ave., Ste. 3900
>      Las Vegas, NV 89101
>      (702) 486-3594
>      HStern@ag.nv.gov
>      *Attorneys for Petitioner State of Nevada*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General and that on this 15th day of November, 2023, I electronically filed the foregoing STATE OF NEVADA'S NON-BINDING STATEMENT OF ISSUES TO BE RAISED with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Dorene A. Wright*